# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

LLOYD A. KING
Kettle Moraine Correctional Institution
W9071 Forest Drive
Plymouth, WI 53073-0031,

        Plaintiff,

v.

OFFICER PETER FALK
Kenosha Police Department
1000 55th Street
Kenosha, WI 53140,

OFFICER KEITH DUMESIC
Kenosha Police Department
1000 55th Street
Kenosha, WI 53140,

CITY OF KENOSHA
c/o Mike Higgins, City Clerk
625 52nd Street, Room 105
Kenosha, WI 53140,

        Defendants.

Civil Action No.

## COMPLAINT

---

NOW COMES the above-named plaintiff, by his attorneys, Cannon & Dunphy, S.C., and complains against the above-named defendants, and for his claims for relief, alleges and shows to the court as follows:

## JURISDICTION

1.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution. The court has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331, and has pendant

jurisdiction over all state claims under 28 U.S.C. § 1367.

## PARTIES

2. That at the present time, the plaintiff, Lloyd A. King, is an adult citizen and resident of the State of Wisconsin, and an inmate at the Kettle Moraine Correctional Institution, located at W9071 Forest Drive, Plymouth, WI 53073.

3. That the defendant, Officer Peter Falk, is an adult citizen and resident of the City and County of Kenosha, employed as a police officer for the City of Kenosha Police Department, located at 1000 55th Street, Kenosha, WI 53146. That at all times material hereto, the defendant, Officer Peter Falk, was acting within the scope of his employment as a police officer for the City of Kenosha Police Department.

4. That the defendant, Officer Keith Dumesic, is an adult citizen and resident of the City and County of Kenosha, employed as a police officer for the City of Kenosha Police Department, located at 1000 55th Street, Kenosha, WI 53146. That at all times material hereto, the defendant, Officer Peter Falk, was acting within the scope of his employment as a police officer for the City of Kenosha Police Department.

5. That the defendant, City of Kenosha, was at all times material hereto, a municipality, organized pursuant to Chapter 59 of the Wisconsin Statutes, with offices of the City Clerk, Mike Higgins, located at 625 52nd Street, Room 105, Kenosha, WI 53140.

## CONSTITUTIONALLY PROTECTED INTERESTS

6. That as a citizen of the United States, Lloyd A. King is protected against use of excessive force without cause or justification as guaranteed by the Fourth and Fourteenth

Amendments to the United States Constitution and is also protected by the equal protection clause of the Fourteenth Amendment of the United States Constitution.

## GENERAL ALLEGATIONS

7. That on August 1, 2005, at approximately 7:21 p.m., the plaintiff, Lloyd A. King was stopped for a traffic violation by Kenosha Police Department officers, including the defendants, Officer Peter Falk and Officer Keith Dumesic. While the plaintiff, Lloyd A. King, was handcuffed and on the ground, the defendants, Officer Peter Falk and Officer Keith Dumesic, hit, choked and kicked Mr. King. In addition, Officer Falk shot flammable O.C. spray into Mr. King's face after Mr. King was handcuffed. Officer Dumesic tased Mr. King after Mr. King was handcuffed and again after Officer Falk used O.C. spray on Mr. King. The O.C. spray ignited, causing the plaintiff to sustain severe burn injuries to his face.

8. That as a result of the unlawful conduct by the defendants as set forth herein, Lloyd A. King sustained permanent injuries and damages including pain, suffering, disability, emotional distress, and loss of enjoyment of life; medical expenses; other compensable injuries and damages, all to his damage in an amount to be determined at a trial of this matter.

9. That on or about November 28, 2005, a Notice of Injury and Claim for Damages was served on the Clerk of the City of Kenosha in full compliance with section 893.80 Wis. Stats.; 120 days have passed since the date of service and no action has been taken by the City of Kenosha. The failure of the City of Kenosha to take action constitutes denial of the claim.

## FIRST CLAIM FOR RELIEF

10. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

11. That at all relevant times herein, the defendant, Officer Peter Falk, was a "person" for purposes of 42 U.S.C. § 1983 and acted under color of state law to deprive Lloyd A. King of his constitutional rights.

12. That at all times material hereto, the defendant, Officer Peter Falk, used excessive force, including but not limited to, his use of O.C. spray on the plaintiff, Lloyd A. King, in combination with the defendant, Officer Keith Dumesic's, use of a TASER on the plaintiff, Lloyd A. King; his use of O.C. spray on the plaintiff, Lloyd A. King, once Mr. King was handcuffed and on the ground; his use of O.C. spray on the plaintiff, Lloyd A. King, in an attempt to get Mr. King to spit out a white substance in his mouth; kicking the plaintiff, Lloyd A. King, while Mr. King was handcuffed and on the ground; and in other respects.

13. That at the time Officer Peter Falk used excessive force, there was not any threat of death or serious bodily harm to anyone but Lloyd A. King.

14. That such conduct on the part of Officer Peter Falk was in direct violation of published policies and procedures and constituted the use of excessive force without cause or justification in violation of Lloyd A. King's Fourth Amendment Rights as incorporated by the Fourteenth Amendment and/or his equal protection rights guaranteed by that same Amendment.

15. That the aforedescribed conduct of Officer Peter Falk was done with reckless disregard and deliberate indifference to the constitutional rights of Lloyd A. King.

16. That at all times material to this complaint, the defendant, Officer Peter Falk, who was a City of Kenosha Police Officer, acted under color of the statutes, customs, ordinances and usage of the City of Kenosha and the City of Kenosha Police Department, and was acting in the scope of his employment.

17. That the described conduct of the part of the defendant, Officer Peter Falk, was a cause of the plaintiff's injuries and damages as set forth herein.

18. That the defendant, City of Kenosha, is liable pursuant to sec. 895.46, Wis. Stat., for payment of any judgment entered against the individual employee defendant in this action because said defendant was acting within the scope of his employment when he committed the acts described above.

## SECOND CLAIM FOR RELIEF

19. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

20. That the acts of the individual defendant, Officer Peter Falk, including his use of O.C. spray on the plaintiff, Lloyd A. King, in combination with the defendant, Officer Keith Dumesic's, use of a TASER on the plaintiff, Lloyd A. King; his use of O.C. spray on the plaintiff, Lloyd A. King, once Mr. King was handcuffed and on the ground; his use of O.C. spray on the plaintiff, Lloyd A. King, in an attempt to get Mr. King to spit out a white substance in his mouth; kicking the plaintiff, Lloyd A. King, while Mr. King was handcuffed and on the ground, was done in accordance with the City of Kenosha and its Police Department's de facto policy, regulation, decision or custom condoning excessive force in executing arrests and/or violating person's equal protection rights. That these respective de

facto policies were officially adopted, expressly or implicitly, and promulgated or practiced by the City of Kenosha Police Department, and as such constitute a de facto governmental custom in such department, even though such custom may not have received written formal approval by such department, and even though such de facto policies were inconsistent with or violated written policies.

21.     That this official or de facto policy or custom of utilizing excessive force and/or violating person's equal protection rights permitted, encouraged, tolerated or ratified the actions of Officer Peter Falk all in malicious or reckless disregard or with deliberate indifference to Lloyd A. King's Fourth Amendment or Fourteenth Amendment Rights.

22.     That this official or de facto policy and custom of utilizing excessive force and/or violating person's equal protection rights arose or was allowed to continue as a result of, among others, the City's failure to adequately supervise, discipline, and/or train its employees.

23.     That the described conduct on the part of the defendants was a cause of the plaintiff's injuries and damages as set forth herein.

### THIRD CLAIM FOR RELIEF

24.     Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

25.     That the above-described conduct on the part of the defendant, Officer Peter Falk, was unlawful, extreme, malicious, outrageous and/or intentional.

26.     That such conduct on the part of the defendant, Officer Peter Falk, was intended to cause Lloyd A. King severe personal injuries.

27. That such conduct on the part of the defendant, Officer Peter Falk, was a cause of the personal injuries suffered by Lloyd A. King.

28. That at all times material hereto, the defendant, Officer Peter Falk, acted maliciously and/or with reckless disregard and/or with deliberate indifference towards Lloyd A. King or in an intentional disregard of his rights, such as to subject the defendant, Officer Peter Falk, to punitive damages.

## FOURTH CLAIM FOR RELIEF

29. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

30. That all times material hereto, the defendant, Officer Peter Falk, was negligent, in that he, among other things, used O.C. spray on the plaintiff, Lloyd A. King, while he was handcuffed, and that said defendant was otherwise negligent.

31. That the described conduct on the part of the defendant, Officer Peter Falk, was a cause of the plaintiff's injuries and damages as set forth herein.

## FIFTH CLAIM FOR RELIEF

32. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

33. That at all relevant times herein, the defendant, Officer Keith Dumesic, was a "person" for purposes of 42 U.S.C. § 1983 and acted under color of state law to deprive Lloyd A. King of his constitutional rights.

34. That at all times material hereto, the defendant, Officer Keith Dumesic, used excessive force, including but not limited to, his use of a TASER in combination with the

defendant, Officer Peter Falk's, use of O.C. spray on the plaintiff, Lloyd A. King; his use of a TASER on the plaintiff, Lloyd A. King, once Mr. King was handcuffed and on the ground; his use of a TASER on the plaintiff, Lloyd A. King, in an attempt to get Mr. King to spit out a white substance in his mouth; his application of 11 TASER deployment cycles on the plaintiff, Lloyd A. King; kicking the plaintiff while he was handcuffed and on the ground; and in other respects.

35. That at the time Officer Keith Dumesic used excessive force, there was not any threat of death or serious bodily harm to anyone but Lloyd A. King.

36. That such conduct on the part of Officer Keith Dumesic constituted the use of excessive force without cause or justification in violation of Lloyd A. King's Fourth Amendment Rights as incorporated by the Fourteenth Amendment and/or his equal protection rights guaranteed by that same Amendment.

37. That the aforedescribed conduct of Officer Keith Dumesic was done with reckless disregard and deliberate indifference to the constitutional rights of Lloyd A. King.

38. That at all times material to this complaint, the defendant, Officer Keith Dumesic, who was a City of Kenosha Police Officer, acted under color of the statutes, customs, ordinances and usage of the City of Kenosha and the City of Kenosha Police Department, and was acting in the scope of his employment.

39. That the described conduct of the part of the defendant, Officer Keith Dumesic, was a cause of the plaintiff's injuries and damages as set forth herein.

40. That the defendant, City of Kenosha, is liable pursuant to sec. 895.46, Wis. Stat., for payment of any judgment entered against the individual employee defendant in this

action because said defendant was acting within the scope of his employment when he committed the acts described above.

## SIXTH CLAIM FOR RELIEF

41. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

42. That the acts of the individual defendant, Officer Keith Dumesic, including his use of a TASER in combination with the defendant, Officer Peter Falk's, use of O.C. spray on the plaintiff, Lloyd A. King; his use of a TASER on the plaintiff, Lloyd A. King, once Mr. King was handcuffed and on the ground; his use of a TASER on the plaintiff, Lloyd A. King, in an attempt to get Mr. King to spit out a white substance in his mouth; his application of 11 TASER deployment cycles on the plaintiff, Lloyd A. King; kicking the plaintiff while he was handcuffed and on the ground, was done in accordance with the City of Kenosha and its Police Department's de facto policy, regulation, decision or custom condoning excessive force in executing arrests and/or violating person's equal protection rights. That these respective de facto policies were officially adopted, expressly or implicitly, and promulgated or practiced by the City of Kenosha Police Department, and as such constitute a de facto governmental custom in such department, even though such custom may not have received written formal approval by such department, and even though such de facto policies were inconsistent with or violated written policies.

43. That this official or de facto policy or custom of utilizing excessive force and/or violating person's equal protection rights permitted, encouraged, tolerated or ratified

the actions of Officer Keith Dumesic all in malicious or reckless disregard or with deliberate indifference to Lloyd A. King's Fourth Amendment or Fourteenth Amendment Rights.

44. That this official or de facto policy and custom of utilizing excessive force and/or violating person's equal protection rights arose or was allowed to continue as a result of, among others, the City's failure to adequately supervise, discipline, and/or train its employees.

45. That the described conduct on the part of the defendants was a cause of the plaintiff's injuries and damages as set forth herein.

## SEVENTH CLAIM FOR RELIEF

46. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

47. That the above-described conduct on the part of the defendant, Officer Keith Dumesic, was unlawful, extreme, malicious, outrageous and/or intentional.

48. That such conduct on the part of the defendant, Officer Keith Dumesic was intended to cause Lloyd A. King severe personal injuries.

49. That such conduct on the part of the defendant, Officer Keith Dumesic, was a cause of the personal injuries suffered by Lloyd A. King.

50. That at all times material hereto, the defendant, Officer Keith Dumesic, acted maliciously and/or with reckless disregard and/or with deliberate indifference towards Lloyd A. King or in an intentional disregard of his rights, such as to subject the defendant, Officer Keith Dumesic to punitive damages.

## EIGHTH CLAIM FOR RELIEF

51. Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs.

52. That all times material hereto, the defendant, Officer Keith Dumesic, was negligent, in that he, among other things, violated Kenosha Police Department policies prohibiting the use of a TASER simultaneously with O.C. spray, and that said defendant was otherwise negligent.

53. That the described conduct on the part of the defendant, Officer Keith Dumesic, was a cause of the plaintiff's injuries and damages as set forth herein.

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, as follows:

    a.    Against defendant, Officer Peter Falk, in his official and individual capacity, for compensatory damages, for the violation of Lloyd A. King' rights, as set forth above, in an amount to be determined at a trial of this matter;

    b.    Against defendant, Officer Keith Dumesic, in his official and individual capacity, for compensatory damages, for the violation of Lloyd A. King' rights, as set forth above, in an amount to be determined at a trial of this matter;

    c.    Against defendant, Officer Peter Falk, for punitive damages for the violation of Lloyd A. King' rights, as set forth above, in an amount to be determined at a trial of this matter;

d. Against defendant, Officer Keith Dumesic, for punitive damages for the violation of Lloyd A. King' rights, as set forth above, in an amount to be determined at a trial of this matter;

e. Against defendant, City of Kenosha, for compensatory damages, for the violation of Lloyd A. King' rights, as set forth above, in an amount to be determined at a trial of this matter;

f. Against defendant, City of Kenosha, for punitive damages for the violation of Lloyd A. King' rights, as set forth above, in an amount to be determined at a trial of this matter;

g. Against defendant, City of Kenosha, for its liability pursuant to § 895.46, Wis. Stat., in an amount to be determined at a trial of this matter;

h. For all costs, disbursements and actual attorneys' fees pursuant to 42 U.S.C.A. § 1988, and for such other relief as the Court deems just equitable.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF THE ABOVE MATTER ON ALL ISSUES SO TRIABLE.**

Patrick O. Dunphy
Attorney Bar No. 1016947
CANNON & DUNPHY, S.C.
Attorneys for Plaintiffs
595 North Barker Road
P. O. Box 1750
Brookfield, WI 53008-1750
Telephone: (262) 796-3701
Fax: (262) 796-3711
Email: pdunphy@cannon-dunphy.com

Date: 9/19/06